## W. C. BROWN *v*. ROBERT PROPHIT.

1. PRINCIPAL AND SURETY. *Agreement for delay. Release of surety.*
   An agreement between the holder and principal maker of a note that the latter may retain the sum due for a definite period of time, upon his promise to pay usurious interest, will discharge a surety on said note not consenting to such contract of forbearance.

2. SAME. *Consideration of contract to forbear. Usury.*
   Under our former statute usury was a cause of forfeiture of all interest, and a promise to pay usury was not a sufficient consideration for a promise to forbear. *Roberts* v. *Stewart*, 31 Miss. 664. But under our present statute usury forfeits only the illegal excess, and the right to get interest for a given time is a valuable consideration to uphold a promise to forbear, and the illegal excess is appropriable in legal contemplation to the discharge *pro tanto* of principal.

3. SAME. *Contract for definite period of forbearance necessary to release surety.*
   A contract between the creditor and principal debtor to forbear for some definite period, in consideration of the payment of usurious interest, releases the non-consenting surety, whether the interest is paid or not; but in the absence of such a contract, payment of the stipulated interest will not discharge the surety, even though, because of such payment, the creditor continues his indulgence to the debtor.

ERROR to the Circuit Court of Yalobusha County.

Hon. ORLANDO DAVIS, Judge.

The action was against W. F. Smith and Robert Prophit, as joint makers of a sealed note. The suit was dismissed as to Smith on suggestion of his bankruptcy. Prophit pleaded that he was surety, and delay in payment had been given, for a valuable consideration, to the principal debtor, without his consent.

The facts were that on the 10th October, 1871, when the note fell due, it was *understood* between Brown and Smith that Smith might keep the money on paying two and a half per cent a month interest; and Smith *supposed* that when he paid a month's interest he was to have the money for a month longer. But there was no contract to that effect. Smith paid the interest up to 10th November, 1873.

From a verdict and judgment for the defendant the plaintiff sued out this writ of error.

*Harris & George*, for the plaintiff in error.

No definite period of indulgence was fixed, and Brown could call for his money at any time.

*Fly & Freeman*, on the same side, cited 23 Miss. 559; 31 Miss. 664; 2 Am. Lead. Cas. 422, 428; 24 Vt. 46; 1 B. Mon. 322; 7 B. Mon. 217; 8 B. Mon. 382; 4 How. (Miss.) 631, 684; 5 How. (Miss.) 192; 4 Leigh, 622; 4 Bing. 717; 5 Wend. 501.

*B. H. Tabor*, for the defendant in error, cited 14 Ohio, 348; 15 Ohio St. 57; 12 Iowa, 55; 13 Iowa, 289.

CAMPBELL, J., delivered the opinion of the court.

If the holder of a note which has become due agrees with the principal maker of said note that he may retain the sum due for a definite period of time, upon his promise to pay usurious interest, and such maker agrees to keep said sum for such definite time, and to pay said interest, this agreement will discharge a surety on said note not consenting to such contract for forbearance. Although the usury cannot be collected, the legal rate can be; and the absolute right to get interest for a given time is a valuable consideration to uphold a promise to forbear, and to tie the hands of the creditor, so that he cannot sue until the expiration of the time agreed on, as aforesaid. *Chute* v. *Pattee*, 37 Me. 102; *McComb* v. *Kittridge*, 14 Ohio, 348; 2 Am. Lead. Cas. (5th ed.) 469.

When our statute made usury a cause of forfeiture of all interest, it was justly held that a promise to pay usury was not a consideration for a promise to forbear. *Roberts* v. *Stewart*, 31 Miss. 664. A change in the statute causes a change in the result of such an agreement. The evidence in this case does not show an agreement by the creditor to for-

bear the collection of the note for any definite period of time. The payment from time to time of interest at two and a half per cent a month was, as to the one-half of one per cent, a payment of legal interest incident to the debt, and the two per cent was appropriable, in legal contemplation, to the discharge *pro tanto* of principal. Payment of two and a half per cent interest from month to month signifies nothing, if there was not a contract between the creditor and the principal debtor, by the terms of which the creditor was precluded, for some definite period, from demanding the payment of the note. If there was such a contract, the surety, not consenting to it, was discharged, whether there was a payment by the debtor of interest at the end of the month or not. If there was not such a contract, payment from month to month of the stipulated interest did not discharge the surety, even though, because of such payment, the creditor continued his indulgence to the debtor. Without pronouncing upon the several instructions given to the jury, the judgment will be reversed, and the cause remanded for a new trial, in which the rights of the parties can be tested by the principles announced in this opinion.