## W. L. KEIRN v. CAROLINE ANDREWS.

1. PRINCIPAL AND SURETY. *Agreement for delay. Definite duration.*
   A creditor's agreement to forbear, in consideration of interest for a definite period, will release the debtor's non-consenting surety, but his agreement not to sue, if the debtor makes certain annual payments, will not have that effect. *Brown* v. *Prophit*, 53 Miss. 649, distinguished.

2. SAME. *Notice to sue. Waiver.*
   A surety obtains no discharge under Code 1857, p. 362, art. 1, by verbally suggesting suit against the principal debtor, although the creditor answers that he cannot sue until court meets, and, before that time, agrees that the debt may be paid by annual instalments.

APPEAL from the Circuit Court of Holmes County.

Hon. C. H. CAMPBELL, Judge.

In this suit, by the appellee, on a note signed by J. A. Durden and the appellant, demurrers were sustained to the second plea, which averred that after the maturity of the note the plaintiff, without the knowledge or consent of the appellant, who was a surety, agreed with Durden that if he would pay one hundred dollars annually until the demand was satisfied, it should be extended one year after each of such payments, and

to the fifth plea, which averred that the appellant told the plaintiff's agent that he could recover the money from Durden, and to sue at once, and the agent answered that as court was then in session he could not sue until the next semi-annual term, and that seven days afterwards he agreed to extend the time until the note was discharged by annual payments of one hundred dollars each, and received the first instalment.

*J. E. Gwin,* for the appellant.

Agreements by holders of notes with principals to receive payment by yearly instalments will discharge the sureties who do not consent, and a contract to pay interest for a definite time is a sufficient consideration. Brandt on Suretyship, §§ 301, 307, 312. This is like the case of *Brown* v. *Prophit,* 53 Miss. 649, with the feature of usurious interest eliminated. It was there decided that, although the excess cannot be collected, the legal rate can, and the absolute right to get interest for a definite time ties the creditor's hands. This case is fully sustained by authority. *Gifford* v. *Allen,* 3 Met. 255; *Greely* v. *Dow,* 2 Met. 176; *Bank of United States* v. *Hatch,* 1 McLean, 90; *McComb* v. *Kittridge,* 14 Ohio, 348; *Stallings* v. *Johnson,* 27 Ga. 564. The counsel for appellee argues the fifth plea as if it were an attempt to allege a notice to sue under the statute, and a waiver of its being reduced to writing. But its language does not warrant such construction.

*H. S. Hooker,* for the appellee.

1. The creditor's hands are not tied by the debtor's promise to perform his legal obligations. 2 Dan. Neg. Inst. §§ 1315, 1316. A verbal contract to pay the note by annual instalments is void under the Statute of Frauds. *Agee* v. *Steele,* 8 Ala. 948; Browne Statute of Frauds, §§ 282, 285. No consideration for a contract of forbearance is alleged. *Berry* v. *Pullen,* 69 Maine, 101. Part payment of a debt due and a promise to pay the balance, and to continue paying the same interest, is no change of the original contract. Yet that is all the second plea avers. Extension for a definite time is not alleged. *Newell* v. *Hamer,* 4 How. 684; *Wade* v. *Staunton,* 5 How. 631; *Payne* v. *Commercial Bank,* 6 S. & M. 24; *Union Bank* v. *Govan,* 10 S. & M. 333, 344; *Roberts* v. *Stewart,* 31 Miss. 664; *Hunt* v. *Knox,* 34 Miss. 655; Brandt on Suretyship, § 306.

2. Waiver of the written notice which the statute requires is not averred in the fifth plea, so as to bring it under the rule announced in the cases of *Taylor* v. *Davis*, 38 Miss. 493, and *Smith* v. *Clopton*, 48 Miss. 66. Instead of accepting the notice and promising to sue, this creditor declined. The plea fails also to aver that the principal debtor resided within the jurisdiction, so that he could be sued, and that the creditor neglected to sue. Ambiguity is another fault of this plea, which sets up a contract of forbearance liable to the same objections as that averred in the second plea.

CAMPBELL, J., delivered the opinion of the court.

We adhere to the view announced in *Brown* v. *Prophit*, 53 Miss. 649, but the second plea in the case at bar does not distinctly aver that Durden, by his agreement with the agent of the holder of the note, had precluded himself from the right to pay the note at any time. The principle of the decision cited is, that the right of the creditor to get interest for a definite period is a sufficient consideration to uphold a promise to forbear, and to tie the hands of the creditor so as to discharge a surety not consenting to it. For all that the plea states the alleged contract for time amounted to no more than this: — if Durden should pay one hundred dollars annually he was not to be sued, but he might at any time have paid the money, or tendered it. His right to do this is not negatived by the plea, and if he had the right to pay at any time there was not a tying of the hands of the creditor, and the rights of the parties were not changed by the agreement.

The fifth plea, if intended to present the same defence as the second, is insufficient on the same ground as the other; and if it was designed to plead a discharge of the surety under Art. 1, p. 362, of the Code of 1857, it was defective in not bringing the case within it.

*Affirmed.*