# WHEELING.

GLENN *et al. v.* MORGAN *et als.*

Submitted January 15, 1884—Decided March 15, 1884.

|       |       |
| ----- | ----- |
| 23    | 467   |
| 41    | 786   |
| 23    | 467   |
| 42    | 151   |
| 23    | 467   |
| f46   | 123   |
| 46    | 124   |
| 23    | 467   |
| 47    | 779   |
| 23    | 467   |
| e 51  | 496   |

1. An agreement between the creditor and the principal debtor to extend the time of payment of the debt for a definite period, if founded on a sufficient consideration and made without the surety's consent, will discharge the surety. Payment of interest in advance is a sufficient consideration, even if it be at a usurious rate. (p. 469.)

2. If the contract, on which the time of payment is so extended, be a bond or other instrument under seal, the surety can be relieved in a court of equity only and not in a court of law ; and, therefore, although a judgment was recovered at law against the surety on such contract after the agreement for extension of payment had been made, he may nevertheless, when sued in equity to enforce the lien of such judgment against his real estate, defend himself and be relieved on account of such extension of payment in such suit. (p. 470.)

3. The right of the surety to be discharged by reason of such extension of payment is a personal privilege and one which he may waive by a verbal ratification or assent made after the agreement for such extension has been entered into, but such ratification or assent must be made after the surety is fully informed of the facts which entitle him to be discharged, and must be so express and unequivocal as to show plainly that the surety deliberately intended to waive his privilege. (p 471.)

The facts of the case are stated in the opinion of the Court.

*Simpson & Howard* and *Charles E. Hogg* for appellant.

*Tomlinson & Polsley* for appellee.

SNYDER, JUDGE:

In February 1881, Alvaro Glenn and Amos Gwinn filed their bill in the circuit court of Mason county against Samuel Morgan, Hiram Thornton and Margaret his wife and John Thornton, alleging therein that on Oct. 16, 1880, the plaintiff Glenn obtained on the law side of said court a judgment against the defendants Samuel Morgan and Hiram Thornton for two hundred and twelve dollars with interest and costs for the use of the plaintiff Gwinn; that said judgment is unpaid and the defendant Morgan is insolvent; that a short time before said judgment was recovered the defendant, Hiram Thornton, was the owner in fee of one hundred and fifty-four acres of land in said county which he, by deed, without consideration, conveyed to his father the defendant, John Thornton, with intent to delay, hinder and defraud the plaintiff; and that the said John immediately thereafter with like intent conveyed the said land to the defendant, Margaret Thornton, the wife of said Hiram; that the said deeds are fraudulent and void as to the plaintiff's judgment, and the same operates as a lien on said land; and praying that said conveyances may be set aside and said land subjected to the payment of said judgment and for general relief.

The defendants answered denying that said conveyances were either voluntary or fraudulent; and the defendant Hiram Thornton alleged as an affirmative ground of defence, that he was simply surety on the bond upon which the plaintiff's judgment had been obtained, and that after the said bond had become due the plaintiff, Gwinn, then the holder of it, in consideration of the payment of one year's interest thereon in advance, agreed to extend the time of payment one year from the date of its original maturity; and that this agreement was made by said Gwinn with Morgan, the principal debtor, without the consent or knowledge of said Hiram, the surety; and that by reason of said agreement he, the said Hiram, was released and discharged from liability on said debt.

The circuit court by decree of Feb. 25, 1882, granted the relief prayed for by the plaintiffs and thereupon the defendants Hiram Thornton and wife appealed to this Court.

The only matters which it is deemed necessary to notice are those relating to the affirmative allegations of the defendant Hiram Thornton's answer. The facts proved in support of these matters are, that the obligation on which the plaintiff's judgment was obtained was the joint and several bond of Samuel Morgan and Hiram Thornton for two hundred dollars dated originally Oct. 4, 1877, and payable twelve months after date to the plaintiff Glenn; that Morgan was the principal debtor and Thornton merely the surety on the bond; that in Oct. 1878, about the time the bond became due, the plaintiff Gwinn in pursuance of an agreement between him and Morgan, the principal debtor, paid the amount of the bond, two hundred dollars, to one Rollins who then owned it, and Morgan gave to Gwinn a young colt for one year's interest in advance, in consideration of which Gwinn agreed to extend the time of payment one year from that date; that Rollins then delivered the bond to Gwinn and then and there the date was changed from Oct. 4, 1877, to Oct. 4, 1878, thus making the bond payable Oct. 4, 1879, the date to which its maturity had been by agreement extended; and that all this was done without the consent or knowledge of the said Hiram Thornton the surety. These facts are clearly proven and in fact they are admitted by the plaintiff Gwinn in his testimony. These facts under the established principles of equity operate a complete release and discharge of the surety—*Shields* v. *Reynolds*, 9 W. Va. 483; *Knight* v. *Charter*, 22 *Id.* 422; *Hill* v. *Ball*, Gilm. 149; *Norris* v. *Crummey*, 2 Rand. 323; 2 Rob. (old) Pr. 133–4. The rule as settled by these and numerous other decisions both in this country and in England is, that a creditor, who without the consent of the surety enters into a binding contract, upon a sufficient consideration, to indulge the principal debtor so as to tie his hand from proceeding to collect his debt for any time, however short, by such contract releases the surety from liability for the debt—2 Story's Eq. Jur. § 305; *Hansbarger* v. *Kinney*, 13 Gratt. 511.

"Receiving a payment of interest in advance upon a note

after its maturity, by the payee from the maker, implies a contract for the extension of payment down to a period for which the interest is so paid, and if such extension is made without the consent of the security, he will be discharged." 7 Waite's Actions & Def. 59; Brandt on S. & G. § 305; *Woodburn* v. *Carter*, 50 Ind. 376.

The actual payment in advance of usurious interest by the principal to the creditor, where the whole interest so paid cannot be recovered back is a sufficient consideration for the extension of the time of payment; and such payment, if made without the consent of the surety, will release him. Brandt on S. & G. § 309; *Armistead* v. *Ward*, 2 Pat. & H. 504; *Burgess* v. *Dewey*, 30 Vt. 618; *Stillwell* v. *Aaron*, 69 Mo. 539; *Myers* v. *Bank*, 78 Ill. 257.

In the case before us the plaintiff Glenn admits that he knew Thornton was only surety for the debt at the time he made the agreement to extend the time of payment. It may be conceded that the colt which the debtor gave to the creditor for one year's interest was worth more than twelve dollars, the legal interest, still as under our statute the debtor could, at most, recover back only the excess beyond the legal interest, the contract would stand as a valid payment of the legal interest and, therefore, be binding upon the creditor and operate as a release of the surety. Code, ch. 96 § 7; *Brown* v. *Prophit*, 53 Miss. 649.

It is insisted, however, that the surety is concluded by the judgment recovered against him for the debt at law, and that he is now precluded from making this defence in a court of equity. Such would undoubtedly be the effect of the judgment, if the surety could have made this defence at law, whether he did so in fact or not. He is not entitled to make a defence here which he should have made in the action at law. But according to the settled law of Virginia and this State an agreement by the holder of a bond with the principal obligor, to extend the time of payment, does not release the surety at law, and his remedy is only in equity. *Devers* v. *Coss*, 10 Gratt. 252; *Steptoe* v. *Harvey*, 7 Leigh 501; *Ward* v. *Johnson*, 6 Munf. 6; *Sayre* v. *King*, 17 W. Va. 562.

If the contract had been a promissory note or other instrument not under seal the defense might have been made at

law—*Locke* v. *P. M. General*, 3 Mason C. C. 446, 453; *Shields* v. *Reynolds*, 9 W. Va. 483; Brandt on S. & G. § 327. In this case the obligation was a bond under seal and comes fully within the rule, as settled in this State, that such defence cannot be made at law, and therefore, the appellant, Thornton, was plainly entitled to make it in this suit.

The plaintiff, Gwinn, in his deposition says: "Some time after" (that is, after the contract for the extension had been made between him and Morgan, the principal debtor,) "I saw Hiram Thornton; I asked him if he was willing to stop on the note, and he said 'Yes, and was damned glad that you had paid it to give us a year's longer time.'" It is contended by the plaintiffs that this statement of Thornton amounted to a ratification of the contract for the extension of payment and that he is estopped by it from setting up this defence. I do not think such was the effect of it. To create an estoppel the assent should have been given before or at the time the contract was made. The surety has the right to stand on the very terms of his contract and he cannot be held responsible beyond the clear and absolute terms of his undertaking, and presumptions and equities are never allowed to enlarge or in any degree to change his legal obligation. It is true, that the right of the surety to be discharged from the mere fact of the extension of time, is a personal privilege which he may waive, and if he does so, with a full knowledge of the facts, by renewing his promise to continue bound after his discharge, he may be estopped from afterwards availing himself of such discharge. But the promise to remain bound must be clear and explicit such as will show that he intended to waive his privilege and remain bound notwithstanding his right to be discharged. It has been held that the consent of a surety to a prolongation of time given to the principal will not be inferred from the fact that the creditor when called upon for payment said that he could not pay it then, but would agree to any arrangement made for him by the principal, unless it be proved that the principal, in making the agreement for the extension, acted as the agent of the surety—*Denil* v. *Martel*, 10 La. Ann. 643. If the surety knows of the extension at the time it is given, it is not necessary that he should object thereto in order to entitle him to

his discharge—*Stewart* v. *Parker*, 55 Ga. 656; *Bank* v. *Mallett*, 34 Me. 547; *Bank* v. *Brown*, 12 N. H. 320. And even if he signs the agreement for extension as a witness, it has been held, that that fact will not prevent his discharge by such extension—*Edwards* v. *Coleman*, 6 Mon. 567.

It does not seem to me that the language used by Thornton, the surety, above quoted, and which is all that appears in this case on that subject, can be construed into a promise to remain bound or a waiver of his right to be discharged. It is a mere assent to the fact that the extension had been made and that he was gratified that such was the fact. It does not disclose that he knew the terms of extension; whether or not it was upon a consideration such as would operate as a release to him, or whether it was a simple indulgence, kindly exerted without any consideration or binding contract, which would not in law effect his discharge. If he had been informed of the facts and terms of the agreement and they had been such as to effect his release his ignorance of the legal results flowing from such facts would not avail him; but unless at the time he made his statement he knew the facts and they were such as would operate as a discharge, he could not in law and justice be deprived of the right to be discharged even if he had used language much less equivocal.

For the reasons aforesaid I am of opinion that the decree of the circuit court should be reversed with costs to the appellant, Hiram Thornton against the appellees, Glenn and Gwinn; and that the said appellees be perpetually enjoined from enforcing the collection of their said judgment against the appellant, Hiram Thornton, and that he recover from the plaintiffs his costs in the said circuit court.

REVERSED.