## CHARLESTON

### GOLDING SONS CO. v. CAMERON POTTERY CO. *et al.*

Submitted June 11, 1906.    Decided October 23, 1906..

1. BILLS AND NOTES—*Parties—Election of Holder.*
    Where one makes a negotiable note, and the payee does not endorse it, and strangers sign their names upon its back, and it is then delivered to the payee, such payee may, in the absence of. an agreement or understanding that he shall treat those signing the note on its back in a particular manner, treat them as. joint promisors, or as guarantors, or as endorsers,. at his election. (p. 318.)

Error to Circuit Court, Marshall County.

Action by the Golding Sons Company against the Cameron Pottery Company and others. Judgment for defendants,. and plaintiff brings error.

*Reversed, and Judgment entered for Plaintiff..*

J. B. SOMERVILLE, for plaintiff in error.

CHAS. C. NEWMAN, for defendants in error.

SANDERS, JUDGE:

The Golding Sons Company brought an action of *assumpsit* in the circuit court of Marshall county against The Cam-

eron Pottery Company, a corporation, S. E. Stricklin, J. N. Howard, Frank Culley and Harrison Hicks, upon a promissory negotiable note for the sum of $700.00. The action having been dismissed, it is now here on a writ of error for review.

The note sued on was payable to the plaintiff and signed upon its face by The Cameron Pottery Company and upon its back by the other defendants. It was not indorsed by the payee. The defendants who indorsed their names upon the back of the note say that they should be treated as indorsers, and as the note was not protested, they deny liability. If they should be treated as indorsers, the plaintiff has lost the right to charge them, by failing to make demand and give notice of protest, but, upon the other hand, if they should be treated as joint makers, or guarantors, no protest or notice of non-payment is necessary. The law is well settled in this State that where one makes a negotiable note, and the payee does not indorse it, and another, a stranger to the note, puts his name upon its back, and it is then delivered to the payee, he may treat them both as joint makers, or he may treat the one indorsing his name upon the back as indorser or guarantor, at his election, unless he agrees before or at the time of the delivery of the note to treat the one so signing in a particular manner. The elementary principle underlying the entire matter is that the status of an irregular indorser of a negotiable promissory note is to be determined by the intention of the parties at the time of the transaction. If there is an agreement, that must govern; but if there is no such agreement, the law presumes that such irregular indorser intended to bind himself as joint maker, or as guarantor, as the payee, at any time, may elect. The cases of *Powell* v. *Comm.*, 11 Grat, 822; *Burton & Co.* v. *Hansford*, 10 W. Va. 470, and *Miller* v. *Clendenin et al.*, 42 W. Va. 416, fully and clearly establish this doctrine, which also finds support in the case of *Young* v. *Sehon*, 53 W. Va. 127. This being the rule, the payee has the right to charge the defendants who signed their names upon the back of the note, as joint makers, unless they can show that before or at the time of the delivery of the note to the payee, it was agreed that they should be otherwise treated.

From the agreed state of facts, it appears that the plaintiff was a creditor of the defendant, The Cameron Pottery Company, and after the indebtedness became due, the note in question was executed in settlement thereof. The repre sentative of the plaintiff refused to accept the individual note of The Cameron Pottery Company, and the other defendants signed their names upon the back of the note, in which condition it was delivered to the plaintiff. So it will be seen that there is no fact from which it could even be inferred that the payee agreed to treat the defendants signing the note upon its back as indorsers, and not so agreeing, it has the right to treat them as joint makers.

It is contended by counsel for the defendants that the decision of *Roanoke Grocery and Milling Co.* v. *Watkins et al.*, 41 W. Va. 787, supports the judgment of the circuit court—in fact, it appears that the decision of the lower court was based upon the decision in that case. The syllabus of that case does not appear to be inconsistent with the principles herein announced, nor in discord with the decisions of this State. Judge Holt, in delivering the opinion, seems to have recognized the doctrine as announced in *Burton ·& Co.* v. *Hansford, supra,* as he cites it as authority to support his views. There may be statements in the opinion which are misleading, and apparently put it in conflict with the case of *Burton & Co.* v. *Hansford, supra,* and *Miller* v. *Clendenin et al., supra.* Without deciding this, but granting that it does conflict with these cases, as it is claimed it does, yet certainly it was not the intention of the Court to depart from the doctrine previously announced in *Burton & Co.* v. *Hansford, supra,* because *Miller* v. *Clendenin, supra,* in which Roanoke Grocery and Milling Company was cited, was later decided, upholding the rule there announced.

It further appears from the agreed statement of facts that the defendant, The Cameron Pottery Company, on the 12th day of July, 1904, was adjudicated a bankrupt; that afterwards it effected a composition with all of its creditors on the basis of forty cents on the dollar of all its indebtness, which composition was duly reported and confirmed by the court, and The Cameron Pottery Company was discharged

from all further liability on its said indebtedness, and that the plaintiffs received from The Cameron Pottery Company on the 8th day of October, 1904, pursuant to said settlement, the sum of $428.96, which is a proper credit upon the note here involved.

The judgment of the circuit court is reversed, and judgment is given against all of the defendants, except The Cameron Pottery Company, for the amount of the note, with its interest, subject to the credit of $428.96, as of the 8th day of October, 1904.

*Reversed and Judgment for Plaintiff.*