# CHARLESTON.

## MYLIUS *v.* MASSILLON ENGINE & THRESHER CO.

Submitted September 15, 1910. Decided April 2, 1912.

1. INJUNCTION—*Subjects of Relief—Action at Law.*
   A suit at law can not be enjoined and the litigation transferred to the equity forum merely on the assertion of defenses that are pleadable at law. (p. 577).

2. EQUITY—*Jurisdiction—Statutory Provisions.*
   Code 1906, ch. 126, secs. 5 and 6, does not convert defenses cognizable at law before its enactment into matters cognizable in equity. That statute does not enlarge the jurisdiction of equity courts. (p. 577).

Appeal from Circuit Court, Randolph County.

Bill in equity by Charles E. Mylius against the Massillon Engine & Thresher Company and others. From decree for complainant, the Massillon Engine & Thresher Company appeals.

*Reversed and Dismissed.*

*Talbott & Hoover,* for appellant.
*W. B. Maxwell,* for appellee.

ROBINSON, JUDGE:

The decree is a final one perpetually enjoining an action at law. The law suit was instituted by Massillon Engine & Thresher Company against Knutti and Mylius on notes executed to that company by them for the purchase price of a saw mill, engine and boiler. The three notes involved in this case are the last ones falling due in a series executed in that behalf. In a prior action between the same parties, judgment on the other notes was recovered and at least partially collected. But the action on these last due notes was met by an injunction based on a bill in equity alleging total failure of consideration as to them growing out of worthlessness of the machinery. The bill also maintained that Mylius signed the notes as surety only, and that the company, by exchanging engines with Knutti without the consent of Mylius, partially released the lien of a deed of trust that had been given on the property as additional security for the payment of the purchase price, so that Mylius as surety was discharged from obligation.

We need not extensively consider the record that has been made in this injunction case. The demurrer to the bill should have been sustained and the bill dismissed. The matters alleged in the bill do not warrant the interference of an equity court with the law action. Both of the defenses to the notes relied on in the bill are cognizable at law. They furnish no grounds for transferring the litigation to the equity forum. Pleas of total failure of consideration and of discharge of a surety by the act of the creditor, as to unsealed instruments, are pleadable and triable as defenses to an action at law. The law court has jurisdiction to try the case presented by plaintiff's bill. The defenses to the notes on which the bill is based are legal ones. No purely equitable defense is urged. No ground justifying equity cognizance is shown.

It is insisted that Code 1906, ch. 126, secs. 5 and 6, justifies this attempted resort to equity, and that those sections give the right to go into equity regardless of an action or judgment at law, since failure of consideration is one of the defenses relied on. Those sections do not mean that a case may be carried from the law court into equity simply because it involves one of the

defenses mentioned in section 5. Section 6 only says that the plea, though pleadable at law under section 5, may be availed of in equity regardless of the law action or a judgment therein if it is a plea cognizable alone in equity but for section 5. Plainly, this is what that section means wherein it says that, though a plea authorized by section 5 is not put in at law by a defendant, "he shall not be precluded from such relief in equity as he would have been entitled to if the preceeding section had not been enacted." What relief in equity on a legal defense like total failure of consideration as to simple promissory notes would Mylius have been entitled to if section 5 had not been enacted? None. The purely equitable defenses to which a defendant was entitled prior to the enactment of this statute were reserved to him if he did not see fit to use them at law as that statute permitted him to do. But the statute did not give him right to withhold from the law action matters that were primarily legal and to avail himself of them in equity later. As to the equity court, the statute merely reserved to him matters primarily cognizable in equity. It gave him no rights additional to those he had prior to the statute, if he chose not to avail himself of the right to plead at law under the statute. It did not convert defenses cognizable at law into matters cognizable in equity. This Court has so held. "The 5th and 6th sections of chapter 126 of the code of this State do not enlarge the jurisdiction of courts of equity." *Black* v. *Smith,* 13 W. Va. 780. The 5th section was intended to allow a defendant by plea to make defenses in a law action that were not open to him in that forum before its enactment. The 6th section was intended to reserve to him any equitable defense that was let into law by the other section, if he chose to use it in equity rather than at law as the statute permitted. Clearly, this statute was only intended to admit to law actions certain defenses that could not be made in them before the enactment, but it was never intended to admit new matters to the equity forum. Judge SNYDER, in *Fisher* v. *Burdette,* 21 W. Va. 626, instances some of the changes brought about by it.

Without the statute Mylius is not entitled to relief in equity against these last due simple promissory notes for the purchase

price of the saw mill, on the ground only of total failure of consideration as to them; for the law vouched relief to him on that ground as against these notes. Since he has no right to relief in equity without the statute, he can have none under it. We have seen that the statute does not enlarge jurisdiction in equity. It merely enlarges the right to plead at law and preserves any right to relief in equity that can be pleaded in law by that enlargement but is not there pleaded. All that Mylius seeks to have litigated in his equity suit he can completely and adequately litigate in the law action. He can not transfer the controversy at his pleasure; for he relies on nothing so particularly cognizable in equity that the legal forum does not afford him complete opportunity for redress. We have said that the defenses were primarily legal ones; but, even if the equity court had concurrent jurisdiction of the same, he could not change the forum without showing special equity grounds in the premises. *Prewett* v. *Bank,* 66 W. Va. 184.

Perhaps we should emphasize the fact that the bill relies on a total failure of consideration as to unsealed notes for a basis of equity jurisdiction. It does not set forth a mere partial failure of consideration; but it shows that beyond the purchase money already advanced the consideration for the debt represented by these last notes has wholly failed. It seems that at common law there was resort to equity for failure of consideration in part, even as to parol contracts. *Fisher* v. *Burdette, supra,* at page 629; *Bias* v. *Vickers,* 27 W. Va. 456. An adjustment of damages or set off was demanded which, as the practice then was, the law court could not adequately meet. Evidently, however, Mr. Minor did not so view it. 4 Inst. (3rd ed.) 793. But certain it is that at common law a total want or failure of consideration as to parol contracts could be shown under the general issue of *non assumpsit* or *nil debet.* 4 Minor's Inst. (3rd ed.) 770. A total failure of the consideration affords a complete bar to an action on a simple contract and can be shown at law. See the authorities cited and quoted in this particular by Judge HAYMOND in *Black* v. *Smith, supra.* Prior to the enactment of Code 1906, ch. 126, secs. 5 and 6, equity had no general or peculiar jurisdiction on the ground of failure of consideration which that statute preserved to a defendant. It

was necessary to appeal to equity on that ground as to sealed contracts, but it was not always so as to parol contracts. If the failure was total, it furnished a complete legal defense in bar of an action. The statute gave no additional equity powers in this or any other particular.

We observe that the decision in *Jarrett* v. *Goodnow,* 39 W. Va. 602, is not in accord with the prior holding in *Black* v. *Smith, supra,* to the effect that Code 1906, ch. 126, secs. 5 and 6, gave equity no enlarged jurisdiction. Nor is it in accord with the recent decision in *Prewett* v. *Bank, supra.* A discriminating review of the subject leads to our approval of the application of this statute as made in the two last named cases.

One of the defenses asserted by Mylius—that he was discharged as surety by the act of the creditor in releasing a security for the debt—can have no relation to the statute cited and relied on as affording equity jurisdiction. As related to notes not under seal, it is clearly a defense cognizable at law. It can in no light justify a necessity of resorting to equity. *Parsons* v. *Harrold,* 46 W. Va. 122; *Glenn* v. *Morgan,* 23 W. Va. 467.

The decree will be reversed, the injunction dissolved, the demurrer to the bill sustained, and the bill dismissed.

*Reversed and Dismissed.*