# CHARLESTON.

WILLIAM BERISFORD *v.* SUMNER LYNCH *et als.*

(C. C. 321.)

Submitted January 20, 1925.   Decided February 3, 1925.

CANCELLATION OF INSTRUMENTS—*Bill to Cancel Overdue Notes, Because of Fraud in Transaction in Which They Were Given, Held Demurrable.*

A bill filed for the purpose of cancelling overdue notes given in the exchange of personal property on the ground of fraud is

demurrable; the plaintiff in such case having a complete and adequate remedy at law.

(Cancellation of Instruments, 9 C. J. § 11.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Case Certified from Circuit Court, Marshall County.

Bill by William Berisford against Sumner Lynch and others. An order was made overruling defendants' demurrer, and the case was certified.

*Reversed and remanded.*

*James D. Parriott* and *J. Howard Holt,* for plaintiff.
*Martin Brown,* for defendants.

LITZ, JUDGE:

This case is certified from the action of the circuit court overruling a demurrer to the bill, which avers that in June, 1923, the plaintiff, in exchange for a second-hand Buick automobile belonging to defendants, sold and delivered to them a Ford car of the value of $400.00 and, to cover the agreed difference between the two cars, also executed and delivered to the defendants three promissory notes for $66.66 each, payable to the order of defendant, Sumner Lynch, and due respectively in August, October and December, 1923, on one of which the defendants have instituted suit.

It is further alleged that at the time of the transaction and as inducement thereto the defendants falsely represented to the plaintiff that the Buick machine was in first class condition and good running order, and also warranted it to be sound in every respect with the exception of a loose valve; that the car was in fact so defective in other respects plaintiff was compelled to expend $112.77 for repairs and to forego the use thereof for nineteen days, at an estimated loss of $5.00 per day.

The bill prays that the defendants be restrained from enforcing the collection of the notes and required to surrender them for cancellation; and that the plaintiff be decreed judgment upon an accounting between himself and the defendants.

If the plaintiff is entitled to relief he has a complete and

adequate remedy at law. *Mylius* v. *Massillon Engine & Thresher Co.,* 70 W. Va. 576. The notes sought to be cancelled, being overdue, have lost their negotiability. "Equity refuses to cancel non-negotiable instruments, or negotiable instruments overdue, for fraud, because the obligor, in such cases, has a full, adequate and complete defense at law, and stands in no danger." *Big Huff Coal Co.* v. *Thomas,* 76 W. Va. 161.

The bill being plainly without equity, the demurrer should have been sustained, and it will be so certified.

*Reversed and remanded.*