ANDRUS v. SCUDDER.

EQUITY—APPEAL—PLEADINGS—UNAUTHORIZED DECREE.
The Supreme Court, upon affirming a decree dismissing a bill praying for the reformation of a contract so as to show a consideration due from complainant less than the amount stated in the contract, and for an injunction against the prosecution of an action at law to recover the amount therein stated, cannot, for the sake of obviating the necessity of further legal proceedings, enter a money decree for defendant, where the pleadings in the injunction suit are not framed to authorize such relief.

Appeal from Wayne; Smith (George W.), J., presiding. Submitted February 7, 1899. Decided · July 5, 1899.

Bill by Ward L. Andrus against John Scudder and Frances M. Scudder for the reformation of a contract, an accounting, and to enjoin an action at law. From a decree dismissing the bill, complainant appeals. Affirmed.

On May 1, 1895, complainant executed and delivered to defendant Frances M. Scudder the following agreement:

"For and in consideration of the sum of ten thousand dollars furnished me by Frances M. Scudder, of Detroit, Michigan, the receipt of which is hereby acknowledged, for the purpose of carrying on a wholesale fruit and fancy grocery business at 53, 55, and 57 Jefferson avenue, as Ward L. Andrus & Co., of which firm I am sole partner, I hereby agree to pay said Frances M. Scudder or assigns

at the end of each year ten thirty-fourths of the net profits · of said business. The said Frances M. Scudder may withdraw at any time the aforesaid funds so furnished by her by giving sixty days' notice thereof. This agreement shall be in force five years from May 1st, 1895, unless · otherwise terminated. It is expressly understood that said Frances M. Scudder shall not in any manner or in any way have any voice, direction, or control in the management of said firm on account of said funds so furnished; and I hereby agree not to personally or otherwise sign or indorse any note, bond, or other obligation not pertaining to the business of said firm, or do any act which would place in jeopardy the money furnished by said Scudder."

A notice of withdrawal was duly served. On February 9, 1897, complainant paid defendant Frances $5,000. He refused to pay the balance, and thereupon she instituted a suit at law against complainant for its recovery. This suit was instituted February 27, 1897. To the declaration filed, defendant, on April 3, 1897, filed a plea of the general issue. The case was set for trial December 2, 1897. On November 17th, defendant, Andrus, amended his plea by giving notice that his signature to the contract was fraudulently obtained by the misrepresentations of plaintiff or her representative as to the contents thereof. On December 1, 1897, complainant filed his bill, setting up the fraud, praying for the reformation of the contract, for an accounting, and an injunction against the prosecution of the suit at law. The two particulars in which a reformation is asked are that the consideration in the contract should have been $8,000, instead of $10,000, and that Mrs. Scudder should participate in the losses as well as the profits. Proofs were taken in open court, and the bill dismissed.

*Corliss, Andrus & Leete (John D. Conely,* of counsel), for complainant.

*Bowen, Douglas & Whiting,* for defendants.

GRANT, C. J. (*after stating the facts*). Counsel for complainant, in their brief, say that the questions involved

are ones of fact. The sole witnesses to the agreement are the complainant and defendant John Scudder, who acted for his wife, his co-defendant. She personally took no part in the negotiations. The testimony of these two witnesses on every material fact is in direct conflict. Upon the facts, therefore, the result would depend upon the credit the court should give to one or the other. The court below reached the conclusion that complainant " has not been able to establish the fraud by such a preponderance of evidence as entitles himself to relief." We think the circuit judge was in a better position to decide the question of fact than we are. There was nothing unreasonable in the contract. We find nothing in the surrounding circumstances from which we can reasonably infer that complainant has a preponderance of the evidence.

Defendant Frances insists that decree should be entered in this court for the amount due, and thus obviate the necessity of resorting to the continuation of further legal proceedings. The pleadings are not framed to meet any such case. Therefore all we can do is to affirm the decree dismissing the bill.

Decree affirmed, with costs.

The other Justices concurred.