### SCUDDER *v.* ANDRUS.

SETTLEMENT—ACCOUNTS—CONSIDERATION.

    An agreement whereby plaintiff, who, two years previously, had advanced a stated amount to defendant upon the understanding that she should share in the profits and losses of his business, was to be permitted to withdraw the entire fund so furnished, cannot be repudiated by defendant on the theory that, the business having sustained losses, his promise to repay the whole amount was without consideration and void, where, owing to overdrafts by defendant and the condition of the books and accounts, the fact, which afterwards appeared, that the business had been conducted at a loss, was not, at the time of the execution of such agreement, definitely ascertained.

Error to Wayne; Lillibridge, J. Submitted April 12, 1900. Decided May 18, 1900.

*Assumpsit* by Frances M. Scudder against Ward L. Andrus for money had and received. From a judgment for plaintiff, defendant brings error. Affirmed.

*Corliss, Andrus & Leete* (*John D. Conely*, of counsel), for appellant.

*Bowen, Douglas & Whiting*, for appellee.

Montgomery, C. J. In 1893 defendant was engaged in the wholesale grocery business in the city of Detroit. The capital invested in the business was $36,000, of which plaintiff had contributed $10,000 under an agreement that she should share in the profits and losses of the business, and with the further agreement that plaintiff might, on giving 60 days' notice, withdraw the funds so furnished by her. It was stipulated that plaintiff should not have any voice in the business. This relation continued until May 1, 1895, the plaintiff's husband being employed in the business as cashier. On May 1, 1895, or shortly thereafter, a new agreement under date of May 1st was entered into in the following terms:

"For and in consideration of the sum of ten thousand dollars ($10,000.00) furnished me by Frances M. Scudder, of Detroit, Mich., receipt of which is hereby acknowledged, for the purpose of carrying on a wholesale fruit and fancy grocery business at 53, 55, and 57 Jefferson avenue, as Ward L. Andrus & Co., of which firm I am sole partner, I hereby agree to pay said Frances M. Scudder or assigns, at the end of each year, ten thirty-fourths (10-34) of the net profits of said business. Said Frances M. Scudder may withdraw at any time the aforesaid funds so furnished by her by giving sixty days' notice thereof. This agreement shall be in force five years (5) from May 1st, 1895, unless otherwise terminated. It is expressly understood that the said Frances M. Scudder shall not in any manner or in any way have any voice, direction, or control in the management of said firm on account of said funds so furnished; and I hereby agree not to, personally or otherwise, sign or indorse any note, bond, or other obligation not pertaining to the business of said firm, or do any act which would place in jeopardy the money furnished by said Scudder."

In February, 1897, plaintiff elected to withdraw her funds from the business. Within the 60 days fixed by the contract, defendant repaid $5,000, but insisted, when demand was made for the balance, that plaintiff should bear her portion of the losses, while plaintiff insisted on her right to the $5,000 without abatement or deduction, and instituted this suit. Defendant thereupon filed a bill in chancery alleging that he was induced to sign the last agreement by the fraud of plaintiff's agent, John Scudder; that the agreement should have stated that the amount contributed was the amount of the worth of plaintiff's interest in the business on May 1, 1895; and that it should also have provided, as did the first agreement, that plaintiff should share in the losses as well as in the profits of the business. The bill filed by Mr. Andrus was dismissed on final hearing, and this decree was affirmed by this court on appeal. *Andrus* v. *Scudder*, 120 Mich. 502 (79 N. W. 794).

It was contended on the trial of this case that the chancery case was *res judicata* of the question as to whether plaintiff should participate in the losses, and also as to all questions raised in this case. The effect of the chancery decree was this: It determined that there was no fraud inducing the execution of the agreement of May 1, 1895, and, as a consequence, it was not competent for defendant to assert that plaintiff should bear a portion of the losses occurring after that date; but it was competent to introduce any defense which would have been open on this trial had no bill been filed. The defense attempted on this trial was to show that the recital of consideration was inaccurate in fact; that plaintiff, on May 1, 1895, contributed only the amount of her then present interest in the business, and that this amount, deducting losses then and subsequently ascertained, was but $7,424.55. The recital in the agreement of May 1, 1895, is not a recital of the amount advanced at the time, necessarily. Whatever the amount of Mrs. Scudder's interest then was on the basis of the first agreement, the fact was that she had at

one time $10,000, and this agreement of May 1, 1895, was a substitute for the agreement of 1893. It was strictly accurate and truthful to state that Mrs. Scudder had advanced $10,000, therefore.

The circuit judge admitted testimony of the actual value of the plaintiff's interest on the 1st of May, 1895, and charged the jury that the plaintiff should recover no more than the unpaid portion· of that interest, unless the parties agreed to call her interest $10,000 at the time the agreement in question was made. This instruction was sufficiently favorable to defendant, unless, as is contended, there was a failure of consideration or the contract was usurious. John Scudder, who acted for the plaintiff in the transaction, testified that the defendant agreed to call plaintiff's interest $10,000, and that the parties took into account the good will of the business, and the fact that Andrus had, by drawing out of the business a considerable sum, crippled the business. Defendant contends that at this time the evidence shows conclusively that the business had sustained a loss, of which plaintiff's portion was not less than $1,250, and that subsequent events have shown the loss to have been even more. There can be little doubt on this record that the loss sustained by the firm prior to May 1, 1895, as it *now* appears, was considerably in excess of $5,000; but the important question is whether there was any such uncertainty as to the actual condition of the business as that the parties, by agreement, might fix upon the terms of settlement which they chose to make. The evidence discloses that on May 1st the books showed a *profit* of $2,196.92. True, it appears that there were included in the statement of assets suspense accounts, $5,076.28, which have since proved worthless in the main; but the parties had a right to fix a value upon them. Mr. Scudder testified that he considered these suspense accounts of some value, and defendant's witness John L. Lewis testified that a suspense account had an element of hope in it, which a profit and loss account does not have. In view of the fact that the loss had not been

definitely ascertained, and of the claim that defendant had injured the business by his overdraft, can it be said that there was no uncertainty as to the rights of the respective parties which they might adjust? We think not. The jury have found that they did reach an agreement as to the amount of Mrs. Scudder's interest. That fact determines the case. *Watkins* v. *Ford*, 69 Mich. 357 (37 N. W. 300).

We do not overlook the fact that Cochrane, who occupied a similar relation to the defendant, settled with him on the theory that the firm had sustained losses up to May 1, 1895, and that Mr. Scudder took some part in the figuring; but this fact did not prevent the two parties to this suit adopting a different basis by agreement.

No error was committed to the prejudice of defendant, and the judgment is affirmed.

The other Justices concurred.