# CHARLESTON.

## LUDINGTON vs. TIFFANY.

SAMUEL C. LUDINGTON, PLT'F AND APL'T AGAINST HUGH TIFFANY, JOHN H. HANSBARGER AND WALLACE ROBINSON, SHERIFF, &C.

Decided January 27th, 1873.

### SYLLABUS.

1. Upon a motion to dissolve an injunction before answer of the Defendant, all the allegations of the bill must be taken as true.

2. When failure of consideration is a defence relied upon against a bond, for the payment of money, such defence is an equitable one, and the party entitled to make it is not bound to make it, in a Court of law—it is at his option, whether he will make such defence in a Court of law or equity, and if judgment has been obtained on the bond in a Court of law, it is not necessary to entitle him to make his defence in equity against the judgment, that he should aver in his bill any excuse, for not making such defence in the action at law.

3. L., in his bill, upon which an injunction has been allowed, avers that he and H., jointly purchased a tract of land of T., for $70,-000,00, and paid T., the purchase money, and T., conveyed the land by deed to L., and H., jointly, and that T., afterwards conveyed by deed one-half of said tract to H., and that afterwards, L., executed his bond to T., in consideration that T., then, and there promised L., that he would make, and deliver to L., such other deed, and do such other acts as would or might be necessary to give L., a perfect title, free from incumbrances, to one-half of said tract of land, and T., obtained a judgment on said bond, for the use of H. L., after judgment required T., to make to him a deed for one-half of said land according to his said promise. T.,

refused to make the deed, and in the meantime T., had conveyed, or attempted to convey, by deed of record, his interest in the land to his brother-in-law, Held by the Court that under the said averments of the bill upon a motion to dissolve the injunction before answer filed by any of the Defendants, it was error in the Court below to dissolve said injunction.

*Price, Snyder,* and *Mathews* and *Mathews,* for Appelant. *Patton,* for Appellee.

HAYMOND, PRESIDENT.

The Plaintiff in his bill substantially avers that sometime in 1863, he and John H. Hansbarger, jointly purchased from Hugh Tiffany, a tract of land, in Monroe county, in this State, adjoining the lands of John Ballard, and others, containing, about 700 acres, for the sum of $70,000.00, which was paid in full: that said Tiffany made to Plaintiff, and said Hansbarger, a deed for said land, which is of record in the Recorder's office of said county: that afterwards the said Tiffany made, and delivered to said Hansbarger, a deed conveying to him, the one-half of said tract of land, which is also of record in the said county: that in the fall or winter of 1865, the said Tiffany came to Plaintiff, and represented to him that he was in great want of money: that he had sustained great loss during the war; and in consideration of these representations, and the further consideration, that said Tiffany, would make and deliver to the Plaintiff such other deed, and do such other acts, as, would or might be necessary to give the Plaintiff a perfect title, free from incumbrances, to one-half of the said tract of land, he (Plaintiff,) executed his bond to said Tiffany for $600.00: that on the ........ day of September, 1867, a judgment was rendered in the Circuit Court of Greenbrier county, in favor of Tiffany, for the use of said John H. Hansbarger, Administrator of John Tiffany, deceased, on the said ....... (evidently meaning bond,) against the Plaintiff for the sum of $600.00, with legal interest thereon, from the 16th day of December, 1865, till paid, and costs $7.25 ; and that Plaintiff would have defended

said suit at law had he known that said Hugh Tiffany, had failed to make him another deed as promised. Plaintiff learning since said judgment was rendered, that this deed had not been made, he applied to said Hugh Tiffany to make him the deed for one half of said tract of land, and that said Tiffany refused to do so: that he, (Tiffany,) has however conveyed the interest in the land purchased by the Plaintiff, to his brother-in-law, by deed of record in said county: that an execution has been issued upon said judgment, and is now in the hands of Wallace Robinson, sheriff of Greenbrier county, who is about to levy the same on the Plaintiff's property. The foregoing is not a literal copy from the bill, but contains according to our understanding, after careful and attentive reading, the substance of the allegations thereof. The Plaintiff verified the bill with his oath. Upon the bill and the prayer therein contained, an injunction was duly awarded restraining, and prohibiting the said sheriff or any other person from further proceeding to collect said judgment. At March Rules, after the filing of the bill of injunction, a decree *nisi* against said sheriff, and Hansbarger was taken, and at April Rules thereafter, the bill was taken for confessed in the clerk's office, and the cause set for hearing, as to said sheriff, and Hansbarger, and continued as to Tiffany, upon whom process does not seem to have been served. At a Circuit Court of Greenbrier county in which said bill was filed, and pending, held on the 8th day of April, 1871, the motion of the Defendants to dissolve the injunction awarded in the cause for want of equity in the bill, was argued by counsel, and the Court on consideration thereof dissolved the injunction, as of that day, with costs and damages against the Plaintiff. From this decree the Plaintiff, on the day of its date appealed by executing such undertaking as is prescribed by law in such cases. The question, and the only question, presented for determination by the Court in this cause is, whether the Court below erred in dissolving said injunction on motion, before answer filed,

there being no anwer in the cause. Upon a motion to dissolve an injunction, before answer by Defendant is made and filed, all the material allegations of the bill must be taken as true, by the Court in considering said motion. This has been held by the Court of Appeals of Virginia, as may be seen by reference to the case of Peatross *against* McLaughlin, in 6th Vol. of Grattan's Reports page 64.

Adopting the principle thus established, and proceeding to act upon it; do the allegations of the bill contain sufficient equity to give the Court jurisdiction of the matters alleged? and did the Court below, in consequence of such equity err in dissolving the injunction in the absence of any answer. After a careful examination of the allegations of the bill, we are of opinion, that the bill does contain—in the absence of denial, or satisfactory explanation by answer sufficient equity to give the Court jurisdiction of the cause, and that the Court did err in dissolving said injunction by reason of the existence of such equity. The $70,000,00 of original purchase money for said land was fully paid, and the Plaintiff executed the bond in question for and in consideration that the Defendant, Hugh Tiffany, the obligee, then, and there promised him, that in consideration of said bond he, (said Hugh Tiffany) would make, and deliver to him, such other deed, and do such other acts, as might be necessary to give the Plaintiff a perfect title, to one-half of said tract of land, free from incumbrances. Tiffany when the bond became payable brought suit for its recovery, for the use of another, against the Plaintiff, and promptly recovered a judgment for the full amount of the bond with costs. The Plaintiff learning that said Hugh Tiffany had made a deed to Hansbarger for one-half of said tract of land, and that he had not made a deed to him for one-half, applied to Tiffany for such deed, and he refused (so far as the bill shows) without explanation. But in fact, according to an allegation of the bill he had conveyed or attempted to convey by deed

in violation of his promise so made to the Plaintiff, said half of said land, to his brother-in-law, and put it out of his power perhaps, to comply with his said promise to the Plaintiff. The Plaintiff contracted for a consideration for said bond. He has received none. The said Hugh Tiffany refuses to grant the consideration, and perhaps may be unable to do so, on account of his wrongful act, in conveying his interest in the property to his brother-in-law. Still he insists upon having from the Plaintiff the full amount of said bond. This it seems to us is contrary to equity and good conscience, as the case is presented by the bill. Tiffany regarded it necessary, and proper to make Hansbarger a deed for one-half of said land, after the first deed was made, and both Tiffany, and Plaintiff by their contract, and acts at the date of said bond, considered an additional deed to Plaintiff, for one-half of said land was, or might be necessary, to give Plaintiff a perfect title thereto, free from incumbrances, &c. It is argued by Appellee's counsel, that it is unnecessary for Tiffany to make said additional deed. If it is not necessary to make said deed to Plaintiff, for one-half of said land, and was not at the date of said bond, then the said bond is without consideration, and the consideration for said bond contemplated by the parties at its execution, and delivery has failed, unless there was some consideration for the bond not disclosed by the bill. But we cannot undertake to say, from the allegations of the bill, that, the deed is unnecessary for the purpose contemplated by Plaintiff, and Tiffany, at the date of the bond. To entitle the Plaintiff, to make his defence of failure of consideration set up in his bill, it is not necessary that he should have averred an excuse for not making it, in the action at law upon the bond. See 6th section of chapter 126 of Code of West Virginia. Under the circumstances we think the injunction originally allowed in this cause should be continued, until, the matters alleged in the bill are further examined, and enquired into, after an-

1873.
January
Term.

Ludington
v.
Tiffany.

swer, should answer be filed, and it shall appear that, the Plaintiff has no sufficient cause in equity for his complaint. The decree of the Court below rendered on the 8th of April, 1871, dissolving the injunction must be reversed, with costs to the Appellants in this Court, and the cause be remanded to the Circuit Court of the county of Greenbrier, to be further proceeded in, with leave to any of the Defendants, who may desire to do so, to answer the bill within proper time.

Judges, HAYMOND, MOORE and PAULL, concur in the foregoing opinion.