# CHARLESTON

## Lewis v. Hall et al.

### Submitted January 14, 1908.    Decided March 24, 1908.

1. EQUITY—*Jurisdiction—Adequate Remedy at Law.*
   It is well settled that equity has no jurisdiction when there is a full, complete and adequate remedy at law. (p. 150.)

2. INJUNCTION—*Dissolution—Dismissal.*
   Where an injunction has been awarded and the only allegation in the bill which could, in any event, sustain an injunction is the insolvency of the defendant and that allegation is, by answer, denied and no proof taken to support the same, the injunction will be dissolved and the bill dismissed. (p. 150.)

Appeal from Circuit Court, Fayette County.

Bill by G. C. Lewis against W. D. Hall and others. Judgment for defendants, and plaintiff appeals.

*Affirmed.*

PAYNE & HAMILTON and J. F. BOUCHELLE, for appellant.

OSENTON & ASHBY, for appellees.

MCWHORTER, JUDGE:

C. F. Ackerman and C. H. Voegele, trustees, the owners of a large tract of land called the Gallego Survey in the counties of Fayette, Raleigh and Kanawha, by contract dated June 4, 1902, made with the J. W. Mahan Lumber

Company sold to said Lumber Company all the timber sixteen inches and over in diameter inside the bark at two feet from the ground then on the said Gallego Survey including only that portion drained by the waters of Paint Creek and its tributaries, estimated · to contain fifteen thousand acres more or less, lying principally in the county of Fayette. The said Lumber Company agreed to cut said timber and properly prepare it for market; to commence at once work of constructing a tramway or railroad from the Chesapeake & Ohio branch railroad to said land and the necessary mills on said land, and was to push the same vigorously to completion, and to remove all said timber from the premises within eight years from the date of the contract.

On the 31st day of May, 1902, the said The J. W. Mahan Lumber Company entered into a contract, recorded January 11, 1904, with G. C. Lewis, of Eastbank, granting unto said Lewis "the sole and exclusive right to furnish all merchandise and supplies to employees and contractors of the said Lumber Company in all the operations of the said Company embraced in its contract with C. F. Ackerman and C. H. Voegele, Trustees, in the matter of manufacturing lumber on the Gallego Survey on the waters of Paint Creek." The said Lumber Company to furnish such sites for stores at convenient places as might be designated by Lewis in order that he might properly and in the most convenient way furnish goods, supplies and merchandise to said employees and contractors.

On the 30th day of November, 1903, W. D. Hall and Robert Hall, partners as W. D. and Robert Hall, contracted with said The J. W. Mahan Lumber Company to cut, haul and deliver on the banks of main Paint Creek, the timber from certain portions of said tract of land. And on the 7th day of January, 1904, G. H. Young, Marion Young and L. W. Castle made a like contract with said Lumber Company for the cutting and removal of timber from another part of said lands for the said Lumber Company.

On the 14th day of April, 1904, G. C. Lewis filed his bill in equity in the circuit court of Fayette county against W. D. and Robert Hall and Young and Castle praying for an injunction against said parties, their agents and

employees inhibiting them from erecting any store or stores or places from which goods were to be sold upon the territory covered by his contract with the said Lumber Company with the purpose of furnishing any supplies and merchandise to the contractors and employees of said Lumber Company, or in any manner conducting a merchandise business on the said territory for said purpose, and for general relief. The bill alleges that he had bought from the said Lumber Company for valuable consideration the stock of goods carried by said Lumber Company and in consideration of the purchase he also bought from the Lumber Company the sole and exclusive right to furnish all merchandise and supplies to the employees and contractors of the said Lumber Company in all the operations of said Lumber Company embraced in its contract with the said trustees of the Gallego Survey, and that for the purpose of carrying out his part of the said contract built and constructed a large store at great expense and proceeded to stock up the same with goods at a place convenient to said contractors and employees of said Lumber Company; that the said W. B. and Robert Hall and the said Young and Castle, well knowing of the existence of plaintiff's contract, took their contracts to cut and log certain amount of territory covered by plaintiff's contract and were, without authority from said Lumber Company, putting up stores of goods covered by plaintiff's contract for the purpose of supplying all merchandise and supplies to the contractors and employees of the said Lumber Company in fraud of plaintiff's rights, that when plaintiff bought the stock of merchandise from the Lumber Company it was in contemplation of the contract that he also bought the good will of the business. The court granted the temporary injunction prayed for.

The defendants appeared and tendered their demurrer which was overruled. They then tendered their answer which was filed and moved to dissolve the temporary injunction awarded in the cause, to which motion plaintiff appeared and resisted the same and tendered certain affidavits, when the court overruled the motion to dissolve the injunction. The answer of the defendants denied that the said The J. W. Mahan Lumber Company had the exclusive right or privilege of conducting stores on said land, or had any license

or authority, by virtue of its contract with the trustees of the Gallego Survey, to make such contract with plaintiff; denied that they had notice of the contract of plaintiff when they took their contracts for logging on the property; denied their insolvency and denied that plaintiff had erected stores at convenient places to furnish goods and supplies to defendants, but on the contrary had a store at a distant point from them and failed to keep goods in said stock necessary for their said operations and had failed to carry out on his part the true intent and meaning of his said contract of May 31, 1902.

Depositions were taken and filed in the cause and the cause was heard on the 3rd day of May, 1905, on the bill and exhibits therewith filed and upon exhibit "XX" being a copy of the contract mentioned in the said bill as made between Ackerman and Voegele, trustees, by and with the consent of the Gallego Coal and Land Company with The J. W. Mahan Lumber Company, which it appears from the record was filed on that day in open court, and upon the answer of the defendants and exhibits therewith, and the depositions taken and filed for both parties, upon the motion of defendants to dissolve the injunction and of the plaintiff to perpetuate the same, and upon the decrees, orders and proceedings had, when the court, in consideration thereof, dissolved the injunction and dismissed plaintiffs bill and gave defendants judgment for costs. From which decree plaintiff appealed, and says the court erred in denying the prayer of his bill and dismissing the same with costs.

The contract between the plaintiff and the Lumber Company was a personal contract and, if the grantor therein violated the same in contracting with other parties, or otherwise, plaintiff had a remedy at law upon said contract as against the maker; and if the Lumber Company had the power to make the contract granting the sole and exclusive rights as claimed to the plaintiff and the defendants were trespassing upon his rights he had his right of action at law against them for the trespass, they being able to respond in damages as far as the record shows. The only allegation in the bill which would entitle plaintiff to an injunction in any event is the allegation of the insolvency of the defendants, which allegation is denied by the defendants and no proof

taken to sustain said allegation. As to whether the plaintiff could, or not, enforce in a court of equity specific performance of his contract with The J. W. Mahan Lumber Company is not necessary to here decide. The court did not err in dissolving the injunction, nor in dismissing plaintiff's bill, and therefore the decree complained of is affirmed.

*Affirmed.*