# CHARLESTON.

## ARMENTROUT v. ARMENTROUT.

Submitted September 12, 1911.    Decided April 16, 1912.

1. INJUNCTION—*Restraining Action at Law.*
   Infancy, fraud in the procurement of a note, and total failure of consideration, are available as defenses at law, independently of section 5, chapter 126, Code 1906, and furnish no grounds for equitable jurisdiction to enjoin an action at law on such note. (p. 662).

2. SAME—*Dissolution—Decree for Defendant.*
   Upon dissolution of an injunction and dismissal of plaintiff's bill, it is error for the court, without cross pleadings by defendant, to pronounce a decree in his favor against plaintiff for the money sought to be recovered in the action at law enjoined. (p. 663).

Appeal from Circuit Court, Randolph County.

Bill by C. L. Armentrout and others against R. E. Lee Armentrout and others. From the decree C. S. Armentrout appeals.

*Affirmed in part.    Reversed in part.*

70 W. Va.

·    *Cunningham & Stallings,* and *Parsons* and *Lloyd Hansford,* for appellant.

*J. W. Harman,* and *J. F. Harding* and *W. E. Baker,* for appellees.

MILLER, JUDGE:

·The subject of controversy is the same as in *Lambert* v. *Armentrout,* 65 W. Va. 375. After the judgment below had been reversed and the case remanded for a new trial, the present bill was filed by defendants in the former suit, against Lambert therein, and R. E. Lee Armentrout, who had assigned the note in controversy to Lambert, charging, as the basis for enjoining the law action, fraud in the procurement of the note and total failure of consideration.

On the filing of the bill a preliminary injunction was awarded, which, on final hearing on bill, answer and proofs taken, was wholly dissolved and the bill dismissed. The court below, however, did not stop at this, but proceeded, without cross-bill by defendant or other pleading calling for affirmative relief, to pronounce a money decree in favor of Lambert against the appellant, C. S. Armentrout, surety on the note, suit on which had been enjoined, but not against C. L. ·Armentrout, the principal in the note, who had pleaded infancy, for the full amount of the note and interest, and the costs in the present suit, and in the suit at law in that court expended. This is the decree we now have before us for review on the present appeal.

The court below was substantially right in dismissing plaintiff's bill, and to that extent as modified here the decree appealed from must be affirmed. Infancy as a defense is available at law; and so are fraud in the procurement of the note, and total failure of consideration, · independently of section 5, chapter 126, Code 1906. *Mylius* v. *Massillon Engine & Thresher Co.,* 70 W. Va. 576, 74 S. E. Rep. 728, decided at the present term, and authorities cited. In the case cited we held that a suit at law can not be enjoined and the litigation transferred to the equity side of the court, merely on the assertion of defenses pleadable at law.

The demurrer to the bill, found in the record, and endorsed

by the clerk as filed in court, apparently on the date of the final decree, is not noted or passed upon by that or any other order or decree in the cause, and can not be considered here. But the answer filed, not replied to, not only denies the fraud and want of consideration relied on, but also pleads complete and adequate remedy at law. So jurisdiction in equity is denied and the question properly presented by the answer, and the prayer of the answer simply is that the bill be dismissed with costs; no other relief is sought thereby.

The question then remains, did the court err in pronouncing the money decree? We think it did, clearly so. No rule is better settled than that there can be no decree for or against a party without proper pleadings. Pleadings are as essential as proof, the one being the foundation for the other, the one being unavailing without the other. *Roberts* v. *Coleman,* 37 W. Va. 143; *Vance Shoe Co.* v. *Haught,* 41 W. Va. 275; *Coaldale M. & Mfg. Co.* v. *Clark,* 43 W. Va. 84; *Lilly* v. *Claypool,* 59 W. Va. 130. Counsel for appellee rely on *Dunn* v. *Stowers,* 104 Va. 290. We do not regard that case in point. The court in that case had acquired jurisdiction for specific performance or rescission of a contract for the sale and purchase of land. The bill and answer justified the money decree. The concrete case we have here is covered by *Wright* v. *Delafield,* 25 N. Y. 266; *Andrus* v. *Scudder,* (Mich.) 79 N. W. 794; *Herndon* v. *Higgs,* 15 Ark. 389; *People* v. *Pacheco,* 27 Cal. 176, and *Bourke* v. *Vanderlip,* 22 Tex. 221. These cases fully support the proposition that upon dissolution of an injunction, and dismissal of plaintiff's bill brought to enjoin an action at law, it is error for the court, without cross pleadings by defendant, to pronounce a decree in his favor against plaintiff for the money sought to be recovered in the action at law. These decisions are in harmony with the principles of our own cases cited above, and call for reversal of so much of the decree appealed from as gives affirmative relief in favor of defendant.

We, therefore, affirm the decree in so far as it dissolves the injunction and dismisses plaintiffs' bill, with costs, except that such dismissal is to be without prejudice to either party on the trial of the action at law enjoined, or on the trial of any action that may be brought on the note sued on. But in so far as said

decree gives affirmative relief in favor of defendant against plaintiff C. S. Armentrout, it is reversed, and defendant is remitted to his action at law on the note sued on. And as plaintiff and appellant C. S. Armentrout has substantially prevailed here he will recover his costs in this Court.

*Affirmed in part.   Reversed in part.*