# CHARLESTON.

## CRAWFORD et als. v. BOSWORTH.

Submitted September 12, 1911.   Decided May 27, 1913.

1. INJUNCTION—*Action at Law—Concurrent Jurisdiction—Equity.*
   A suit at law can not be enjoined and the litigation transferred to a court of equity merely on the assertion of defenses that are pleadable at law.   (p. 543).

2. SAME—*Action at Law—Dissolution—Subsequent Proceedings.*
   Upon dissolution of the injunction in such suit in equity, it is error for the court, without cross pleadings by defendant, to refer the cause to a commissioner and decree recovery against the plaintiffs on the contract sued on at law.   (p. 543).

3. SAME—*Action at Law—Multiplicity of Suits.*
   Where the liability of four persons arising from a single contract is several and distinct, equity has no jurisdiction to enjoin separate actions at law thereon on the ground of multiplicity of suits.   (p. 543).

Appeal from Circuit Court, Randolph County.

Action by Lucy B. Crawford and others against Albert S. Bosworth.   From a decree for defendant, plaintiffs appeal.

*Reversed.*

*W. B. Maxwell* and *E. A. Bowers,* for appellants.

*J. L. Wamsley* and *Harding & Harding,* for appellee.

LYNCH, JUDGE:

To enjoin the prosecution of an action at law against each of the four plaintiffs, to cancel, as fraudulent and without consideration, the agreement, dated May 16, 1903, out of which the causes of action arose, and to settle herein the entire litigation, are the objects sought by the plaintiffs.

Having overruled defendant's demurrer, the circuit court, upon final hearing on answer and proof, and the report of the commissioner to whom the cause was referred to ascertain and report the debts due the defendant herein and plaintiff in the actions at law, entered a decree of recovery against the plaintiffs, and they appealed.

That failure of consideration in whole or in part, and fraud in the procurement of contracts, are available as defenses at law, is settled by § 5, ch. 126, Code 1906, and *Gall* v. *Bank,* 50 W. Va. 597; *Railroad Co.* v. *Railroad Co.,* 55 W. Va. 458, 460, 462; *Connell* v. *Yost,* 62 W. Va. 67; *Mylius* v. *Massilon,* 70 W. Va. 576; *Armentrout* v. *Armentrout,* 70 W. Va. 661. The facts of the Armentrout case, and the action of the court thereon, alone afford ample authority for the determination of this case adversely to plaintiffs' contention. Equity will not interfere where there is adequate remedy at law. Even where there is concurrent jurisdiction, the tribunal "which first obtains possession of the subject must adjudicate, and neither party can be forced into another jurisdiction."

Nor is there merit in the contention in this case that equity has cognizance to avoid multiplicity of suits. The liability of plaintiffs, if any, under the agreement of May 16, 1903, is several, not joint. Each is liable, if at all, only for commission on her share of the proceeds of sale. The defendant did not, in fact could not properly, sue thereon jointly. Nor can they jointly complain because of the several actions at law.

The defendant, under the principles announced in *Armentrout* v. *Armentrout, supra,* is not, under the pleadings, entitled to the relief granted by the decree of February 17, 1910.

The conclusion therefore is that the circuit court erred in its rulings upon defendant's demurrer, and all the proceedings subsequent thereto. The decrees of February 26, 1909, November 20, 1909, and February 17, 1910, will be reversed, the demurrer sustained, and the bill dismissed, without prejudice to the right of each of the plaintiffs to defend in the actions at law.

*Reversed.*