# CHARLESTON.

STATE, USE OF LAMBERT *et al.* v. ARMENTROUT.

Submitted September 21, 1915.   Decided November 16, 1915.

1. INJUNCTION—*Dissolution—Damages.*

Where an action at law is pending for the recovery of money due on a note, and the defendant files a bill in chancery seeking to defeat the collection of the money sued for, and asks no affirmative relief, and an injunction is awarded staying the action at law, and the bill upon final hearing is dismissed and the injunction dissolved, and it appears that a hearing of the principal issues involved is absolutely necessary to dispose of the injunction, expenditures for the hearing of the case are proper to be allowed as damages caused by the injunction being wrongfully sued out.   (p. 198).

2. SAME—*Dissolution—Attorney's Fees.*

Reasonable counsel fees may be included in estimating the damages in an action on an injunction bond, when the injunction has been improperly or wrongfully sued out, and the counsel fees were paid, or agreed to be paid, for procuring the dissolution of the injunction.   (p. 201).

3. SAME—*Dissolution—Damages.*

The costs decreed to be paid a defendant in a cause dissolving an injunction may be recovered in an action on an injunction bond.   (p. 201).

Error to Circuit Court, Randolph County.

Action by the State, to the use of L. D. Lambert and others, against C. S. Armentrout and others.   There was an adverse judgment, and plaintiffs bring error.

*Reversed and remanded.*

*J. W. Harman*, for plaintiffs in error.

*A. M. Cunningham*, for defendants in error.

MASON, JUDGE:

The subject of controversy in this case arises out of the same cases heretofore in this court: *Lambert* v. *Armentrout*, 65 W. Va. 375; and *Armentrout* v. *Armentrout*, 70 W. Va. 661.   In the case reported in 70 W. Va. 661, this court affirmed the decree of the circuit court dissolving the injunction, but reversed the decree in part with costs to the appellant.   This is

a suit at law brought by Lambert and R. E. Lee Armentrout against C. L. Armentrout, C. S. Armentrout and A. M. Cunningham upon the injunction bond executed by them in the chancery cause referred to in the case reported in 70 W. Va. 661.

The injunction was dissolved, and plaintiffs in the case at bar would be entitled, by the terms of the bond, to recover "any costs and damages to which they may be put by reason of the award and granting of this order (the order according to the injunction), also all such costs, fees and damages as may be awarded against them in case said injunction is dissolved". The plaintiffs filed the following bill of particulars upon which they claim judgment:

| | |
|---|---:|
| "Fees J. Wm. Harmon Attorney on Injunction suit Circuit Court ............................ | $  60.00 |
| Same fees in same cause Supreme Court.......... | 101.75 |
| Fees W. E. Baker Attorney in injunction case Circuit Court ................................. | 25.00 |
| Same fees Supreme Court ..................... | 50.00 |
| Paid W. S. Ryan printing brief................. | 20.80 |
| Costs paid by L. D. Lambert Supreme Court...... | 209.40 |
| Plaintiffs' costs in law case adjudged in Chancery Cause ................................... | 227.11 |
| Defendant's costs recovered in Chancery Cause.... | 68.00 |
| L. D. Lambert, time and expenses............... | 46.55 |
| R. E. Lee Armentrout time and expenses......... | 25.00 |
| Expenses and time J. W. Armentrout coming to Elkins for R. E. Lee Armentrout attending taking depositions Dr. Holt, etc............. | 6.70 |

Total ......................... $840.31"

The defendants demurred to the declaration; the demurrer was overruled; defendants pleaded nil debet, and issue was thereupon joined. The defendants also moved the court to reject the plaintiffs' bill of particulars; which motion was sustained as to the items of $46.55, time and expenses of L. D. Lambert; $25.00, time and expenses of R. E. Lee Armentrout; and $6.70, expenses of J. W. Armentrout. The motion was overruled as to the other items. The defendants then tendered a special plea contesting, for reasons therein

stated, the item of $389.42, named in the declaration, and the item of $68.00 for costs in the chancery suit; and the plaintiffs were permitted to reply to this plea specially. There was a trial to a jury; and upon this trial the court excluded the evidence as to all the items of the plaintiffs' account. The controversy here is on the right of the plaintiffs to recover for the different items, or any of them.

It is very plain that the plaintiffs can not recover for the costs of the appeal case in the supreme court,—$321.42. The costs in that case were decreed against them. And for the same reason they can not recover for the sum of $101.75, paid their attorney, J. Wm. Harmon, and the $50.00, paid their attorney, W. E. Baker, for services in the supreme court, nor for the item of $20.80, paid W. S. Ryan for printing brief in that case; nor can they recover for the sum of $227.11, the plaintiffs' costs in their action at law, allowed in the chancery cause. The order of the circuit court decreeing payment of Lambert's claim as costs was erroneous, and was reversed by the supreme court; and pending that appeal, the action at law was dismissed satisfied. The costs in that case are not costs awarded plaintiffs by any valid order, nor are they chargeable as damages in the injunction suit. The same may be said as to the item of $46.55 for time and expenses of L. D. Lambert; the $25.00 for time and expenses of R. E. Lee Armentrout; and the $6.70 for time and expenses of J. W. Armentrout. The evidence in relation to these items was properly excluded.

After excluding the foregoing items, there remain the items of $60.00 paid J. W. Harmon, attorney in the injunction suit in the circuit court; $25.00 paid W. E. Baker in the injunction suit in the circuit court; and $68.00 as costs adjudged the plaintiffs in the chancery suit in the circuit court.

Whether or not the plaintiffs may recover for these last named items, depends on the object of the chancery suit and the relation of the injunction thereto. In resistance of these claims it is contended that the injunction was only ancillary in its nature; that the primary object of the chancery suit was more than mere delay of the action at law. True, the chancery cause sought to defeat the collection of the note sued upon, but no affirmative relief was asked. The plaintiffs in

the action at law were, as was judicially determined, wrong-fully prohibited by this injunction from proceeding at law and were not relieved until the injunction was dismissed. The defendants in the chancery cause were compelled to appear and defend that suit and have it disposed of before they could have a dissolution of the injunction and proceed with their action at law. Under the pleadings in the chancery cause, the defendants were compelled to try it to secure a dissolution of the injunction. "It is only when a hearing of the principal issues involved is absolutely necessary to dispose of the injunction that expenditures for the hearing of the case are proper to be allowed as damages caused by an injunction wrongfully issued." Opinion of this court in *Tully v. Taylor*, 67 W. Va. 586. It follows as corollary to this, that when a hearing of the principal issues involved is absolutely necessary to dispose of the injunction, expenditures for the hearing of the case are proper to be allowed as damages by an injunction wrongfully issued. "But where no other relief is asked for but an injunction, the expense to get rid of it on a final hearing, as well as on motion, may be recovered. If a temporary injunction is continued during the pendency of the action, notwithstanding the objection of defendant, thus obliging him to try the action in order to secure the dissolution of the injunction, counsel fees incurred for the trial may be recovered." 2 Sutherland on Damages, sec. 525. Counsel were employed, depositions taken, and upon the final hearing the injunction was dissolved and the bill dismissed. Under these circumstances there was a breach of the condition of the injunction bond. Although the bill asks that the defendants be enjoined from collecting the balance of the note, yet it is essentially a bill for injunction.

The item of $68.00 was for costs awarded the defendants in the chancery cause, and the plaintiffs in this suit should have been permitted to offer proof as to this item. The items of $60.00 for counsel fees to J. Wm. Harmon, and of $25.00 to W. E. Baker may be proper charges, and the court should have admitted proof as to them. It is now well settled in this State that "reasonable counsel fees may be included in estimating the damages in an action on an injunction bond, when the injunction has been improperly or wrongfully sued out,

and the counsel fees were paid, or agreed to be paid, for procuring the dissolution of the injunction." *State ex rel. Kloak Bros. & Co.* v. *Corvin*, 51 W. Va. 19. If the services were performed by these counsel, for the defendants in the chancery cause in the circuit court, in procuring the dissolution of the injunction, and the fees are reasonable, they are proper charges against the plaintiffs in the chancery cause as damages in the suit on the injunction bond. As this case will have to be remanded to the circuit court, and there may be another trial before a jury, we express no opinion as to whether or not these fees are reasonable, or whether the services were performed for the defendants in the chancery cause. All we decide on this point is that the court should have admitted proof in relation to them upon the trial.

For these reasons we are of opinion that the circuit court erred in refusing to admit the plaintiffs' evidence in relation to the item of $68.00 for costs in the chancery cause, and the items for money paid or to be paid for counsel fees, to go to the jury; and for these reasons the verdict of the jury must be set aside, the judgment thereon for the defendant reversed, and a new trial awarded to the plaintiffs; and this cause is remanded to the circuit court of Randolph County for further proceedings to be had therein in accordance with the principles herein stated.

*Reversed and remanded.*