# CHARLESTON.

JOHN E. C. KOHLSAAT *et al. v.* MAIN ISLAND CREEK
COAL CO. *et al.*

(No. 5457.)

Submitted March 23, 1926. Decided March 30, 1926.

INJUNCTION—*Person Instituting Action on Contested Claim Against Going Corporation May Not Enjoin Distribution of Its Assets to Its Stockholders, Unless There is Danger That Sufficient Funds Will Not be Forthcoming to Satisfy Judgment Which He May Obtain (Code, C. 53, §§ 49, 56, 58, 59).*

One who has instituted an action at law on a contested claim against a going corporation may not enjoin said corporation, pending a determination of the claim, from distri-

buting to its stockholders any of the corporate assets, unless there is danger that sufficient funds will not be forthcoming to satisfy any judgment which the alleged creditor may obtain in such action.

HATCHER, JUDGE, absent.

(Injunction, 32 C. J. §§ 30, 368.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Logan County.

Suit by John E. C. Kohlsaat and others against the Main Island Creek Coal Company and others for an injunction. From a decree dissolving an injunction and dismissing the bill, plaintiff appeal.

*Affirmed.*

*Fitzpatrick, Brown & Davis* and *Rolla D. Campbell,* for appellants.

*E. L. Hogsett,* for appellees.

WOODS, JUDGE:

Plaintiffs appeal from a decree, entered by the circuit court of Logan County, dissolving an injunction and dismissing their bill.

The bill, which was duly verified, set out in substance that plaintiffs leased certain properties for coal mining purposes; that the Main Island Coal Corporation came into possession and operated under said leases; that said corporation transferred its assets to Main Island Creek Coal Company for a consideration of $300,000.00, no part of which has yet been paid; that the latter company made transfer of its assets, including the leaseholds hereinabove mentioned, to Hutchinson Island Creek Coal Corporation in consideration of $4,450,-000.00, of which amount $1,600,000.00 has been paid; that said Hutchinson corporation, in pursuance of a liquidating dividend declared by said Main Island Creek Coal Company, is about to issue bearer bonds in the sum of $2,041,000.00 to certain of the stockholders of said Main Island Creek Coal Company, and $250,000.00 face value of said bonds to Main Island Coal Corporation; that both of the two latter com-

panies are in process of voluntary dissolution; that both have violated the covenants contained in the leases aforesaid; that separate actions have been instituted in the circuit court of Cabell County against each of the two latter companies for damages for coal claimed to have been irretrievably and irrevocably lost by reason of the manner in which said coal properties have been worked—the action against the former being for $250,000.00, and that against the latter for $100,000.00. The bill prays that the Hutchinson Island Creek Coal Corporation be enjoined, restrained and inhibited from delivering to any person, firm or corporation other than Main Island Creek Coal Company any of said bearer bonds, unless there is withheld sufficient thereof to secure the plaintiffs to the amount of the damages set up in their two actions aforesaid; that Main Island Creek Coal Company be prohibited from making any distribution whatever of any bonds coming into its hands until provision had been made for a possible verdict against it in the said action at law aforesaid, or from making any distribution to Main Island Coal Corporation until provision had been made for an amount equal to damages claimed in the action against said last mentioned corporation; and further praying that a special receiver be appointed to take charge of such amounts so set aside. The injunction was granted as prayed for.

The verified answer of defendants (other than Hutchinson Island Creek Coal Corporation which filed no answer), while admitting many of the allegations of the bill, denies that the covenants in the leases with reference to mining had been violated; that plaintiffs have any claim against either the Main Island Coal Corporation or Main Island Creek Coal Company which they are entitled to have paid or for the payment of which they are entitled to any security; that either of said companies were in process of voluntary dissolution; that the only assets of said companies were in said "bearer bonds" aforesaid. The answer then alleges that the Main Island Creek Coal Company had set aside assets to the amount of $1,500,000.00, and had same still intact, $559,000.00 of which amount was in bonds, and that its liabilities did not exceed the sum of $630,747.96 (not including plaintiff's

claim); that said company had sufficient assets with which
to pay and discharge all of its obligations disclosed and un-
disclosed, including claim of plaintiffs; that the Main Island
Coal Corporation had, at the time of the institution of this
suit, assets to the amount of $416,621.26, and liabilities not to
exceed $73,232.83 (not including plaintiffs' claim); and that
plaintiffs were present at the sale of said coal properties to the
Hutchinson corporation, and have received $281,977.81 in
full and final settlement of all claims for royalties, for which
they executed their release; and that they made no claims for
damages at the time of said settlement.

The matter was heard upon motion to dissolve the injunc-
tion, upon the bill and answer. The injunction was dissolved
and the bill dismissed. This decree was set aside on petition
of plaintiffs filed during the same term, and a further answer
filed on behalf of defendants. This second answer set up addi-
tional matter to the effect that plaintiffs' action, in the cir-
cuit court of Cabell County, against Main Island Creek Coal
Company for damages had been instituted but fourteen days
before, and that against the Main Island Coal Corporation the
day of the filing of their bill in the instant suit praying for
an injunction; that defendants had not had notice at any
time prior to the institution of the two suits that any such
actions would be instituted or that plaintiffs claimed any sum
or sums of money to be due them as set up in their said
actions at law; that neither Main Island Creek Coal Company
nor Main Island Coal Corporation was or is in process of dis-
solution or liquidation, except that the former having assets
greatly in excess of all possible liabilities had distributed to
its stockholders a portion thereof, reserving, however, ample
of said assets for all possible contingencies; that in addition
to the retention by said corporations in their hands and un-
der their control of sufficient assets to discharge the liabilities,
including any possible liability to the plaintiffs in said actions
at law, and as a direct result of the injunction issued herein,
the Main Island Creek Coal Company entered into an agree-
ment with the Hutchinson Island Creek Coal Company and
the Central Trust Company of Charleston, as trustee, on De-
cember 27, 1924, by the terms of which it deposited with said

Central Trust Company $200,000.00 in cash, for the payment of any judgments the plaintiffs might recover in said actions aforesaid in the circuit court of Cabell County, or in either of them; and that by said agreement, and under a contingency therein fully set out, an additional $50,000.00 was provided to be added to said sum of $200,000.00; and further, that by reason of said agreement, together with the retention of assets in the hands of said defendant corporations, the plaintiffs are amply secured. Plaintiffs entered a general replication. On the hearing the court dissolved the injunction and dismissed plaintiffs' bill.

The issues raised by the pleadings are: (a) Could the Main Island Creek Coal Company lawfully declare a liquidating dividend to its stockholders without first setting aside sufficient of its assets adequately to secure the plaintiffs the payment of their claim if successfully asserted; and (b) are plaintiffs entitled to have $100,000.00 of the assets of the Main Island Coal Corporation set aside and preserved, pending the final determination of plaintiffs' action at law against it?

The defendants to meet these issues rely upon three propositions, namely: (1) The appellants were not creditors of either the Main Island Creek Coal Company or the Main Island Coal Corporation. (2) The Main Island Creek Coal Company provided for the payment of all its creditors before declaring a dividend out of its capital. And (3) the Main Island Coal Corporation had declared no dividend, taken no steps toward dissolution and was only collecting from the Main Island Creek Coal Company assets due it and with which it could pay its creditors. We cannot agree to the first proposition of the appellees, that appellants were not creditors for the reason that no proof was offered other than the statements in the bill, after the answer denied that they were creditors. The setting up in the bill that they had instituted actions, and the nature of their claims, were sufficient. However, the court would properly consider the claims as being unliquidated and from their very nature take notice that the claimants' recovery would only be in rare cases anything like the amount sued for.

It is an undoubted rule of law that the creditors as against the stockholders have a right of priority of payment out of the assets of the corporation, and that the law will jealously guard this right. 7 R. C. L. 199. It is also plain that the assets of a corporation should not pass ·to the stockholders (except as dividends properly declared and paid) until the creditors have been satisfied or protected. Warren, Cases Corp. 991, note. In § 56, chapter 53, Code, which refers to the dissolution of corporations, it is provided that "As soon as practicable   *   *   *   the stockholders shall cause ample funds and assets to be set apart, either in the hands of trustees or otherwise, to secure the payment of all debts and liabilities of the corporation." Then follows the provision that any creditor may on bill in chancery, "if sufficient cause therefor be shown," obtain an injunction to prevent the distribution of capital. Even under this section counsel for the appellants admit that it ·is true that, in most of the cases cited in which the application of a trust fund theory is involved, the corporation in question has become insolvent. There is no attempt to show insolvency in the bill in this cause. We call attention to the fact that the statute uses the words "or otherwise." If § 58, chap. 53, Code, is invoked, then "sufficient cause" must be shown before an injunction will be awarded. There is no charge of any fraud here; no allegation that the stockholders are not financially responsible, and no allegation that the act of the corporation complained of was for the purpose of defeating the payment of its lawful creditors. It is true that the bill charges that irreparable injury and damage to the plaintiffs will result from the acts of the defendants complained of. This is a conclusion dependent upon these facts. The plaintiffs proceed on the theory that the adoption of a resolution to liquidate a portion of the corporation's capital is on the same footing as a resolution to dissolve a corporate business under § 56, supra. And that in either of such cases that the corporation must satisfy all of its creditors before any division may be made between its stockholders—even though sufficient funds had been placed aside to care for all of its liabilities. This section will not bear this construction. True, as we have said, if

a corporation was proceeding before dissolution to impair a security of its creditors for the payment of their claims, an injunction would properly lie under § 58, supra, or upon general equity principles. The defendants by their answers assert that the corporation did make provision for the payment of its creditors. It set apart assets to the amount of almost two and one-half times the amount of its indebtedness, before the distribution was made to the stockholders of the remainder. While it is true that these assets were not set aside in any peculiar way, still if § 56, supra, governs, there was no occasion to place the assets and funds in the hands of trustees because the corporation was not discontinuing business. It provided the fund, and the board of directors under §§ 49 and 59, chap. 53, Code, were the proper parties to direct its use. Even had Main Island Creek Coal Company desired to pay the plaintiffs' claim (admitting that it had a valid claim), it was at the time unliquidated and the corporation could not pay unliquidated debts. All it could do was to provide means for its payment when liquidated. This is what was done. The Main Island Coal Corporation had distributed no part of its assets and had taken no action in reference thereto, it seems, of which plaintiffs could complain. The Main Island Creek Coal Company owed it $400,000.00 as its share of the sales price of the properties of both, and had directed the Hutchinson corporation to deliver to Main Island Coal Corporation $250,000.00 of said bearer bonds in part payment. The transaction only involved a collection of its assets. Its debts aggregated but $73,232.83. In addition the answer shows that the Main Island Creek Coal Company has placed $200,000.00 in cash with Central Trust Company of Charleston, trustee, to insure plaintiffs in case they recover a judgment against it in their said action at law.

An injunction will be dissolved on hearing if the answer denies the material allegations of the bill and there is no proof of such allegations. *Lewis* v. *Hall,* 64 W. Va. 147; *Marcum* v. *Marcum,* 57 W. Va. 285; *Schoonover* v. *Bright,* 24 W. Va. 698. This is not a case falling within the exception where the facts and circumstances shown by the pleadings

are strongly presumptive in favor of the plaintiffs' equity. *Robrecht* v. *Robrecht,* 46 W. Va. 738.

Upon the case made here, it seems that ample provision was made for the creditors, and that the plaintiffs had no cause for complaint.

*Affirmed.*