BEN F. McGHEE *v.* G. H. STEVENS, *et al.*

(No. 8947)

Submitted May 31, 1939. Decided June 20, 1939.

*George S. Wallace,* for appellant.
*C. E. Copen,* for appellees.

KENNA, JUDGE:

The Circuit Court of Putnam County granted an injunction to Ben F. McGhee against W. A. Mullens restraining the collection of a judgment, and this appeal was granted the defendant from an order declining to dissolve. No proof was taken.

A demurrer was sustained to the original bill of complaint, and the amended bill of complaint, brought against the four individual partners of W. A. Mullens & Company, sets up a joint adventure entered into between the members of that firm and Ben F. McGhee, the complainant, under a written contract according to the terms of which the plaintiff was to purchase the 1931-32 crop of certain leaf tobacco. According to the bill's allegations, under the contract complainant was to be given a one-third interest in the tobacco he purchased, there having been one hundred and sixty-six thousand pounds so bought and sold at a profit of ninety-nine hundred and sixty dollars by W. A. Mullens & Company, entitling the complainant to be paid the sum of thirty-three hundred and twenty dollars by that partnership.

The bill goes on to allege that on April 23, 1932, complainant went to the Huntington office of W. A. Mullens & Company and requested that the sum of four hundred dollars be advanced to him and charged against his interest in the 1931-32 crop; that he was told by Claude Daniel, the firm's bookkeeper, that the firm did not have the amount of four hundred dollars on hand and was advised that W. A. Mullens could likely secure the money for him; that complying with the Daniel suggestion, the result was that W. A. Mullens did secure four hundred

dollars for the complainant for which he accepted the complainant's promissory note, coupled with the understanding that the amount of the note was to be paid out of the complainant's share in the net proceeds of the tobacco purchased by him.

The bill further alleges that in May, 1938, W. A. Mullens brought a notice of motion proceeding against the complainant in the Circuit Court of Putnam County in his individual name for the purpose of recovering the principal represented by the plaintiff's note, together with one hundred and forty-two dollars interest; that prior to the return day of the notice of motion, W. A. Mullens had several times promised the complainant that his account with the partnership would be settled and that the books of account of W. A. Mullens & Company would be produced for that purpose before the notice of motion proceeding was heard; that the complainant filed a counter-affidavit in the notice of motion proceeding, the papers of which are not set up as exhibits with the bill, nor are the counter allegations of the affidavit set forth, and appeared to defend the notice of motion, which resulted in a judgment against the complainant on July 11, 1938. The bill alleges that McGhee was misled by the fraudulent misrepresentations of W. A. Mullens, and that he is remediless save in a court of equity.

The answer of W. A. Mullens to the amended bill denies categorically its material allegations. The complainant submitted neither corroborating affidavits nor further proof to substantiate the allegations of his verified amended bill.

Counsel for the complainant, in order to avoid the final effect of the judgment of July 11, 1938, and to enjoin its enforcement, relies upon sections five and six of article five of chapter fifty-six of the Code, which provide for equitable defenses in actions, including a notice of motion proceeding, and contain a further provision that the failure to set up equitable defenses, although tendered and rejected for not having been offered in time, the defendant shall not be precluded thereafter from seeking

equitable relief, and cites also the cases of *Ludington* v. *Tiffany,* 6 W. Va. 11; *Bias* v. *Vickers,* 27 W. Va. 456, and *Womelsdorf* v. *O'Connor,* 53 W. Va. 314, 44 S. E. 191.

The *Ludington* case involved a failure of consideration in an action brought to recover upon a bond, this Court holding that it constituted an equitable defense which was not required to be made in a law court. There seems to be no such question involved in the instant case.

The *Womelsdorf* case was a chancery cause brought for the purpose of cancelling purchase money notes, the prayer for relief being based upon the breach of a general warranty of title to the land conveyed, the deed to the plaintiff having been cancelled along with the deed to the plaintiff's grantor in a previous equity proceeding in which both plaintiff and his immediate vendor were parties. This being another instance of failure of consideration, we think the case has no bearing upon the question here involved.

The *Vickers* case follows the statutory provision that a person entitled to avail himself of an equitable defense who, without asserting that defense, permits a judgment to go against him is still entitled to relief in a court of equity, but that if he does seek to avail himself of his equitable defense in the action at law, which is fairly tested on the merits, he is precluded from setting up the same grounds of defense in a court of equity.

The only important question therefore is: Are the matters set out in the bill of complaint equitable defenses which come within the purview of the statute in question? We think they are not. Disregarding the parol evidence rule which raises a serious question as to complainant's right to alter the terms of a written instrument even in a court of chancery, the averments sum up circumstances allegedly constituting fraud in the procurement of the note on the part of W. A. Mullens, and since fraud in the procurement constitutes a defense at law independent of the statute, the judgment at law based on the note precludes its being used thereafter as a basis for an equitable remedy. *Armentrout* v. *Armen-*

*trout,* 70 W. Va. 661, 74 S. E. 907; *Mylius* v. *Massillon Engine & Thresher Co.,* 70 W. Va. 576, 74 S. E. 728.

Furthermore, it strikes us that the nature of the complainant's claim, growing out of the same transaction as it does according to the bill's averments, is to be classified as a recoupment against Mullens and his three partners. A plea of setoff, including recoupment, is provided for under Code, 56-5-4, and is not one of the equitable defenses mentioned in Code, 56-5-5, and consequently does not furnish a ground of equitable relief which a judgment at law does not preclude under Code, 56-5-6.

We are therefore of the opinion that the action of the trial chancellor in refusing to dissolve the injunction constituted error.

Furthermore, the respondent's answer to the complainant's amended bill of complaint denying its allegations, and the fact that the complainant tendered no further proof, destroyed the clear showing which alone justifies the granting or perpetuation of an injunction. After an adequate opportunity to clearly substantiate the allegations of his bill of complaint had been accorded to the complainant, his failure to respond should have deprived him of his extraordinary remedy. *Lewis* v. *Hall,* 64 W. Va. 147, 61 S. E. 317. See also, *Stybr* v. *Caflisch Lumber Co.,* 110 W. Va. 337, 158 S. E. 669.

The decree of the Circuit Court of Putnam County is reversed, the injunction dissolved, and the bill dismissed.

*Reversed.*